SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
E-mail: jbrophy@seyfarth.com
Miguel A. Ramirez (SBN 332966)
E-mail: mramirez@seyfarth.com
David Mgeryan (SBN 358291)
Email: dmgeryan@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
US FOODS, INC. (dba U.S. FOODSERVICE, INC.)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN SCHLAGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>US FOODS, INC., a Delaware corporation; JEFF WILSON, an individual; and DOES 1-25, inclusive,<br><br>　　　　Defendants. | Case No. 2:26-cv-01441-DC-JDP<br><br>Honorable Dena M. Coggins<br><br>**DEFENDANT US FOODS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>Date:　　　August 7, 2026<br>Time:　　　1:30 p.m.<br>Courtroom:　10, 13th Fl. |

326153601v.3

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ......................................................................................................... 1

II.   STATEMENT OF FACTS ........................................................................................... 2

    A.   Plaintiff Files Unverified Complaint ................................................................ 2

    B.   Plaintiff Files A First Amended Complaint ...................................................... 2

    C.   Plaintiff Re-Files His Motion To Remand ....................................................... 3

III.   LEGAL STANDARD ................................................................................................. 3

    A.   Plaintiff Concedes That US Foods Complied With All Procedural Requirements For Removal Of This Action ...................................................... 4

    B.   Plaintiff Concedes That Complete Diversity Exists Between Plaintiff And US Foods And That The Amount In Controversy Exceeds $75,000 ...................................................................................................... 4

    C.   Non-Diverse, Individual Defendant Wilson Is A Sham Defendant Because The Defamation Claim Against Him Is Not Valid ........................... 4

        1.   The Statements Attributed To Wilson Are Not Actionable Defamation ................................................................................................ 5

        2.   The Alleged Defamatory Statements Are Protected By The Common Interest Privilege And Are Therefore Not Actionable Under Any Circumstances .................................................................. 8

    D.   Plaintiff Cannot Cure Deficiencies In The FAC ........................................... 11

IV.   CONCLUSION ........................................................................................................ 12

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326153601v.3

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arnaud v. Little Caesar Enterprises, Inc.*,
No. ED CV 18-01316-DOC, 2018 WL 4772274 (C.D. Cal. Oct. 1, 2018) ................8

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ...............................................................................11

*Gertz v. Robert Welch, Inc.*,
418 U.S. 323 (1974)...............................................................................................5

*Kruso v. International Tel. & Tel. Corp.*,
872 F.2d 1416 (9th Cir. 1989) ...............................................................................4

*Lewis v. Time Inc.*,
83 F.R.D. 455 (E.D. Cal. 1979) .............................................................................3

*McCabe v. General Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987) ..........................................................................3, 11

*Morris v. Princess Cruises, Inc.*,
236 F.3d 1061 (9th Cir. 2001) ...............................................................................3

*Narayan v. Compass Grp. USA, Inc.*,
284 F.Supp.3d 1076 (E.D. Cal. 2018) ...................................................................8

*Padilla v. AT & T Corp.*,
697 F.Supp.2d 1156 (C.D. Cal. 2009) .................................................................11

*Steel v. Fed. Exp. Corp.*,
No. CV 14-8192 DMG EX, 2015 WL 1475942 (C.D. Cal. Mar. 31, 2015).............11

*Toth v. Guardian Indus. Corp.*,
2012 WL 468244 (E.D. Cal. Feb. 13, 2012) ..........................................................3

**State Cases**

*Eisenberg v. Alameda Newspapers, Inc.*,
74 Cal. App. 4th 1359 (1999) ................................................................................5

*Gregory v. McDonnell Douglas Corp.*,
17 Cal. 3d 596 (1976) ...........................................................................................5

*Jensen v. Hewlett-Packard Co.*,
14 Cal. App. 4th 958 (1993) ...........................................................................5, 6, 7

*King v. United Parcel Serv., Inc.*,
152 Cal. App. 4th 426 (2007) ................................................................................8

*McGrory v. Applied Signal Tech., Inc.*,
212 Cal. App. 4th 1510 (2013) ..............................................................................8

ii

326153601v.3

*Noel v. River Hills Wilsons, Inc.*,
    113 Cal. App. 4th 1363 (2003) ..................................................................................................9

*Robomatic, Inc. v. Vetco Offshore*,
    225 Cal. App. 3d 270 (1990) ....................................................................................................9

*Seelig v. Infinity Broadcasting Corp.*,
    97 Cal. App. 4th 798 (2002) ....................................................................................................5

*Taus v. Loftus*,
    40 Cal. 4th 683 (2007) .............................................................................................................4

**Federal Statutes**

28 U.S.C. § 1446 ............................................................................................................................4

**State Statutes**

Cal. Civ. Proc. Code § 44 ..............................................................................................................4

Cal. Civ. Proc. Code § 45 ..............................................................................................................4

Cal. Civ. Proc. Code § 46 ..............................................................................................................4

Cal. Civ. Proc. Code § 47(c) .........................................................................................................9

Cal. Labor Code § 201 ...................................................................................................................2

Cal. Labor Code § 203 ...................................................................................................................2

Labor Code § 1102.5 ......................................................................................................................2

Labor Code § 6310 .........................................................................................................................2

Labor Code § 6311 .........................................................................................................................2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326153601v.3

## I.    INTRODUCTION

Defendant US Foods, Inc. (dba U.S. Foodservice, Inc.) ("US Foods") properly removed this FEHA discrimination and wrongful termination lawsuit to federal court based on diversity jurisdiction. Plaintiff Roman Schlager's ("Plaintiff") Motion is a transparent attempt to evade this Court's jurisdiction through artful pleading and post-removal maneuvering. It should be denied.

Plaintiff does not—and cannot—contest that US Foods properly removed this action, that complete diversity exists between Plaintiff and US Foods, or that the amount in controversy exceeds $75,000. Instead, Plaintiff's Motion hinges entirely on the presence of non-diverse, individual defendant Jeff Wilson ("Wilson"), whom Plaintiff has named for the sole purpose of destroying diversity jurisdiction. That tactic fails because Wilson is a sham defendant against whom Plaintiff has no viable claim as a matter of law.

Plaintiff's litigation conduct confirms as much. After removal, Plaintiff amended his Complaint not to cure any legitimate defect, but to manufacture a basis for remand—adding only conclusory allegations of "malice," "falsity," and republication to an otherwise deficient defamation claim. These post-removal embellishments do nothing to change the fundamental problem: the First Amended Complaint shows that the challenged communications arise from an internal workplace dispute over whether Plaintiff's failure to respond to Wilson's text messages and failure to complete Wilson's assignment constituted "insubordination." That characterization is not actionable defamation. It is, at most, a managerial assessment or disciplinary conclusion drawn from disclosed underlying facts. Plaintiff cannot convert a routine personnel decision into a tort simply by relabeling it after the fact.

Nor can Plaintiff avoid removal by layering on boilerplate allegations. Even if the challenged statement could somehow be deemed actionable—which it cannot—it is independently barred by California's common-interest privilege. The FAC itself alleges that the purported statements were made **in internal disciplinary and termination-**

1

326153601v.3

**related communications among managers and human resources personnel**—the exact type of communications the privilege is designed to protect. Plaintiff's threadbare invocations of "malice" and vague claims of broader publication are legally insufficient and flatly contradicted by his own allegations.

In short, even after amendment, Plaintiff's defamation claim against Wilson fails as a matter of law, and no further amendment could cure its defects. Plaintiff's decision to name Wilson—and then to pad the pleadings post-removal—reflects a calculated effort to manufacture a jurisdictional defect where none exists. Because there is no possibility that Plaintiff can recover against Wilson, his citizenship must be disregarded, diversity jurisdiction is proper, and the Motion to Remand should be denied.

## II.    STATEMENT OF FACTS

### A.    Plaintiff Files Unverified Complaint

On March 3, 2026, Plaintiff filed an unverified Complaint in the Sacramento County Superior Court, alleging six causes of action solely against his former employer, US Foods: (1) "Retaliation in Violation of Labor Code § 1102.5"; (2) "Retaliation in Violation of Labor Code § 6310"; (3) "Retaliation in Violation of Labor Code § 6311"; (4) "Wrongful Termination in Violation of Public Policy"; (5) "Waiting Time Penalties (Cal. Labor Code §§ 201, 203)"; and, (6) "Defamation." (Dkt. No. 2, Ex. A, Plaintiff's Complaint.) Plaintiff also alleges the Sixth Cause of Action against individual Defendant Jeff Wilson. *Id.*

On April 8, 2026, Defendant timely removed the action to this Court based on diversity jurisdiction.

The citizenship of Wilson was properly disregarded for diversity purposes because he is a sham defendant. (Dkt. No. 1.)

### B.    Plaintiff Files A First Amended Complaint

On April 28, 2026, Plaintiff filed a First Amended Complaint ("FAC"), in relevant part adding vague and conclusory allegations of malice and falsity to his defamation

2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326153601v.3

cause of action, seemingly in an attempt to bolster his forthcoming remand motion. (Dkt. No. 8 ["FAC"], ¶¶ 21, 66, 67, 69, 70, 73, 76, 77, 81, 83.)

### C. Plaintiff Re-Files His Motion To Remand

On May 4, 2026, Plaintiff filed his first motion to remand (Dkt. No. 12).

On May 6, 2026, the Court struck Plaintiff's motion for Plaintiff's counsel's failure to meet and confer pursuant to the Local Rules. (Dkt. No. 15.)

On May 21, 2026, Plaintiff re-filed his Motion to Remand after having met and conferred pursuant to the Local Rules. (Dkt. No. 16.)

### III. LEGAL STANDARD

A defendant's citizenship may be disregarded for diversity purposes if that party's joinder is a "sham" or "fraudulent" in the sense that no claim for relief has been properly stated against that party. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339-40 (9th Cir. 1987) (plaintiffs cannot derail a defendant's right to remove by the trick of naming a non-diverse defendant where no claim can properly be maintained against that nondiverse defendant). Removal is appropriate where the complaint fails to state a cause of action against a non-diverse defendant. *Id*. at 1339; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001) (holding that removal was proper and that district court "correctly ignored" joinder of a resident defendant after it was shown that plaintiff "could not possibly prevail" on her claim against them). A party is deemed to have been fraudulently joined if "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Toth v. Guardian Indus. Corp.*, 2012 WL 468244, *3 (E.D. Cal. Feb. 13, 2012).

When determining whether a defendant is fraudulently joined, "[t]he court may *pierce the pleadings, consider the entire record,* and determine the basis of joinder *by any means available*." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) (emphasis added) ("[I]t is well settled that upon allegations of fraudulent joinder…federal courts may look beyond the pleadings to determine if the joinder…is a sham or fraudulent

3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326153601v.3

device to prevent removal."); *see McCabe*, 811 F.2d at 1339 (Defendant "is entitled to present the facts showing the joinder to be fraudulent.")

Here, neither the Complaint nor the FAC alleges any conduct by Wilson that could give rise to personal liability. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1425-27 (9th Cir. 1989) (joinder was deemed fraudulent where no cause of action could be stated).

Because Plaintiff could not possibly recover against Wilson under any pleaded theory, Wilson's citizenship must be disregarded for jurisdictional purposes. Removal was therefore proper.

### A.    Plaintiff Concedes That US Foods Complied With All Procedural Requirements For Removal Of This Action

Plaintiff's Motion is devoid of any arguments regarding procedural deficiencies. *See generally* 28 U.S.C. § 1446. Plaintiff does not seek remand based on a procedural deficiency; therefore, he concedes US Foods' Notice of Removal was procedurally proper.

### B.    Plaintiff Concedes That Complete Diversity Exists Between Plaintiff And US Foods And That The Amount In Controversy Exceeds $75,000

Plaintiff's Motion is silent as to US Foods' citizenship or the amount in controversy. Thus, Plaintiff also concedes that: (1) he is a citizen of California; (2) US Foods is not a citizen of California; and (3) the amount in controversy exceeds $75,000. Thus, the only issue on remand is whether individual Defendant Wilson is a fraudulently joined, sham defendant.

### C.    Non-Diverse, Individual Defendant Wilson Is A Sham Defendant Because The Defamation Claim Against Him Is Not Valid

Under California law, "[t]he tort of defamation 'involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damages.'" *Taus v. Loftus*, 40 Cal. 4th 683, 719 (2007) (internal citations omitted); *see also* Cal. Civ. Proc. Code §§ 44, 45, 46.

4

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326153601v.3

Here, the FAC identifies a single substantive statement attributed to Wilson:

> On or about February 4, 2026, Defendant Wilson filed an insubordination report against Plaintiff based on Plaintiff's alleged failure to immediately respond to text messages and complete a conflicting assignment. Defendant Wilson accused Plaintiff of intentional insubordination for not abandoning the assignment given to him by Reyes and for not responding to text messages while Plaintiff was operating a commercial vehicle . . .

(FAC, ¶ 21.)

As explained below, Plaintiff's defamation claim against Wilson fails because the FAC identifies only one impermissibly vague and general statement that, on its face, is a non-actionable statement of opinion and also privileged.

### 1.    The Statements Attributed To Wilson Are Not Actionable Defamation

Under California law, the alleged defamatory statements "must contain a false statement of fact to give rise to liability for defamation." *Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 970 (1993).

Only false statements of fact, *not opinion*, are actionable as defamation. Courts recognize the First Amendment's protections by "carefully distinguishing between statements of opinion and fact, treating the one as constitutionally protected and imposing on the other civil liability for its abuse." *Gregory v. McDonnell Douglas Corp.*, 17 Cal. 3d 596, 601 (1976); *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1383 (1999). "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40 (1974). Even if statements are objectively unjustified or made in bad faith, publications which are statements of opinion rather than fact cannot form the basis for defamation. *Jensen*, 14 Cal. App. 4th at 971. "Statements do not imply a provably false factual assertion and thus cannot form the basis of a defamation action if they cannot reasonably be interpreted as stating actual facts about an individual. The dispositive question ... is whether a reasonable trier of fact could conclude that the

5

326153601v.3

published statements imply a provably false factual assertion." *Seelig v. Infinity Broadcasting Corp.*, 97 Cal. App. 4th 798, 809 (2002) (internal citations and quotations omitted).

Notably in the employment context, California courts have repeatedly rejected defamation claims premised on subjective employment evaluations or disciplinary conclusions. In *Jensen*, the Court of Appeal emphasized its "strong judicial disfavor for libel suits based on communications in employment performance reviews" and held that, unless an employer's evaluation "falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior," it cannot support a defamation claim. 14 Cal. App. 4th at 964-65.

In *Jensen*, statements that the employee "was not carrying his weight," had "a negative attitude," "evidenced a lack of direction," and was "unwilling to take responsibility" were held nonactionable because they reflected opinion and managerial assessment rather than provably false fact. *Id.* at 966, 970-71 (reasoning that "even if the comments were objectively unjustified or made in bad faith, they could not provide a legitimate basis for [plaintiff's] libel claim because they were statements of opinion, not false statements of fact."). "[U]nless an employer's performance evaluation falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior, it cannot support a cause of action for libel." *Jensen*, 14 Cal. App. 4th at 964-65.

Here, the defamation claim is not viable because: (1) Plaintiff admits to the truth of the facts underlying Wilson's alleged accusation of insubordination; (2) Wilson's statement, in any event, is nonactionable opinion; and (3) the FAC does not allege that Wilson accused Plaintiff of theft, assault, fraud or verifiable form of misconduct.

**First**, the FAC itself pleads the disclosed factual basis for the challenged conclusion: Plaintiff admits that he did not respond to Wilson's text messages while driving and did not complete the assignment Wilson attempted to give him. (FAC, ¶¶ 19-21, 66, 69, 76.) The legal dispute is not over those facts; it is over the characterization

6

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326153601v.3

placed on them. Whether that conduct amounted to "insubordination" is a workplace judgment call—a supervisory evaluation—not a provably false factual assertion of the kind required for defamation liability.

As in *Jensen*, "insubordination" is no more a concrete factual accusation than "negative attitude," "lack of direction," or "unwilling[ness] to take responsibility." It is a disciplinary label describing Wilson's view of Plaintiff's conduct. Plaintiff cannot transform that evaluative conclusion into an actionable tort by alleging he disagreed with it. Even if Plaintiff could establish the statement was false, no claim for defamation exists even when the employer's opinions about the employee's performance are "objectively wrong and cannot be supported by reference to concrete, provable facts" none of which exist here. *Jensen*, 14 Cal. App. 4th at 965.

**Second**, the FAC does not allege that Wilson accused Plaintiff of theft, assault, fraud, criminality, or a similarly concrete and verifiable form of misconduct. Instead, the FAC alleges only that Wilson accused Plaintiff of "insubordination" for failing to respond to texts and failing to complete an assignment. (FAC, ¶¶ 21, 66, 69, 76.) Under *Jensen*, that kind of managerial judgment does not cross the line into actionable defamation. None of the alleged defamatory statements attributed to Wilson accused Plaintiff of "criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior," and thus, it cannot support a cause of action for libel. *See Jensen*, 14 Cal. App. 4th at 964-65.

**Third**, Plaintiff's effort to restyle the accusation as an attack on his "competence" or "professional reputation" does not change the analysis. (FAC, ¶¶ 69-71.) California law looks to the substance of the statement, not the adjectives later attached to it in a complaint. The substance here is unchanged: Wilson allegedly accused Plaintiff of insubordination based on undisputed underlying events. That is a nonactionable disciplinary conclusion.

For the same reason, the FAC's allegations about "immediate termination" and "termination-related documentation" do not create a defamation claim. A statement that

7

326153601v.3

employee conduct warranted discipline or termination is also a managerial judgment based on disclosed workplace events, not a false, independently verifiable fact.

Because the only statements attributed to Wilson are nonactionable as a matter of law, the claim fails at the threshold.

**2.     The Alleged Defamatory Statements Are Protected By The Common Interest Privilege And Are Therefore Not Actionable Under Any Circumstances**

Even assuming *arguendo* that the allegation could be defamatory (it is not), the FAC confirms that Wilson's alleged communications fall squarely within California's common-interest privilege.

California law is clear, statements made to other employees about a plaintiff's termination are protected under the common-interest privilege. *See McGrory v. Applied Signal Tech., Inc.*, 212 Cal. App. 4th 1510, 1538 (2013) (the common-interest privilege applies "to statements by management and coworkers to other coworkers explaining why an employer disciplined an employee."); *see, e.g.*, *Arnaud v. Little Caesar Enterprises, Inc.*, No. ED CV 18-01316-DOC (KKx), 2018 WL 4772274, at *5 (C.D. Cal. Oct. 1, 2018) ("an alleged defamatory statement concerning Arnaud's job performance by a human resources employee clearly falls within the statutory privilege."); *Narayan v. Compass Grp. USA, Inc.*, 284 F.Supp.3d 1076, 1086 (E.D. Cal. 2018) (the common-interest privilege applied because the communications took place between fellow managers who had a common business interest in plaintiff's termination); *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 440 (2007) (holding that the employer's statements to other employees that the plaintiff had been fired for violating the time card policy were protected under common-interest privilege).

Here, the FAC affirmatively pleads that the statements attributed specifically to Wilson were contained in an "insubordination report" and "termination-related documentation" and were circulated among US Foods' management and HR personnel, including Llamas, Wright, Reyes, and Wilson. (FAC, ¶¶ 66-68, 84.) Those are quintessential common-interest communications. They concern an employee's alleged

8

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

workplace misconduct, were supposedly shared among supervisors and HR personnel, and relate directly to personnel management and discipline.

Plaintiff tries to avoid the privilege by incanting "malice" and "excessive publication," but his allegations are conclusory and inadequate.

### a.   The FAC Does Not Plead Facts Showing Malice

"To defeat this conditional privilege, a plaintiff must specifically allege malice. A general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him." *Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (1990). Cal. Civ. Proc. Code § 47(c). Plaintiff must do more than recite the word "malice." He must allege facts showing either (1) hatred or ill will, or (2) a lack of reasonable grounds for believing the truth of the statement and therefore reckless disregard of the plaintiff's rights. *Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1370 (2003).

Here, the FAC does not plausibly do so. At most, it alleges that Wilson "knew or should have known" Plaintiff was driving, that Plaintiff believed he was complying with company policy, and that facility records were "inconsistent" with the insubordination accusation. (FAC, ¶¶ 21, 66, 73, 76, 79-81.) But even if those allegations are accepted, they show only a dispute over whether Plaintiff's conduct should have been treated as insubordination—not that Wilson fabricated facts or knowingly uttered a false accusation.

This distinction matters. A disagreement over the proper interpretation of workplace conduct does not establish malice. Managers routinely make disciplinary judgments based on differing views of events, company expectations, and employee responsibilities. The FAC's allegations do not bridge the gap from disagreement to malice.

Indeed, the FAC undercuts its own malice theory by pleading that Wilson's accusation arose from real events that actually occurred on February 4, 2026: Plaintiff received text messages, did not respond, did not act on Wilson's requested assignment,

9

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

and later learned of the insubordination report. (FAC, ¶¶ 19-21.) Once those underlying facts are acknowledged, the allegations in the FAC amount to nothing more than an argument that Wilson reached the wrong disciplinary conclusion. That is not enough to defeat the privilege.

### b. The FAC Does Not Allege Excessive Publication In Any Nonconclusory Way

The FAC also alleges, in boilerplate fashion, that the statements were published to "other employees and managers . . . who did not have a legitimate need to know." (FAC, ¶¶ 68, 80-81.) But Plaintiff identifies no actual unnecessary recipient of the sole statement by Wilson. (FAC, ¶ 21.)

To the contrary, assuming the FAC identifies the recipients of Wilson's subordination report, which it does not, the FAC specifically identifies only management and HR personnel—Llamas, Wright, Reyes, Wilson, and other supervisors—*i.e.*, exactly the categories of recipients who would ordinarily have a legitimate need to know about an insubordination report and termination decision. (FAC, ¶¶ 66-68, 84.) Indeed, the FAC provides the context in which the allegedly defamatory statements were made—in the termination context. (*See* FAC, ¶ 68 (alleging that "statements communicated during the termination meeting and reflected in written disciplinary and termination-related documents").)

Moreover, while the FAC also sprinkles in allegations of "internal and external publications," "foreseeable republication . . . in the community," and "compelled self-publication,"—such allegations are insufficient. (FAC, ¶¶ 66-67, 71, 74.) Indeed, as to Wilson specifically, the FAC alleges **no actual external statement by Wilson**, **no outside recipient**, **no date**, **no content**, **and no facts showing Wilson made any statement beyond the internal management related accusation**. Those vague allegations do not transform an internal personnel communication into an actionable external defamation claim.

10

326153601v.3

Based on the foregoing, not only is Wilson is a sham defendant named in this action for the sole purpose of defeating diversity jurisdiction, but there is also no possibility that Plaintiff could prove his claim of defamation against US Foods either. As such, this matter should not be remanded.

### D.     Plaintiff Cannot Cure Deficiencies In The FAC

As shown above, Defendant has met its burden of establishing jurisdiction with this Court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In addition, Defendant has established that leave to amend would not cure the deficiencies as detailed above. *See Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency"); *see also Steel v. Fed. Exp. Corp.*, No. CV 14-8192 DMG EX, 2015 WL 1475942, at *4 (C.D. Cal. Mar. 31, 2015) (granting motion to remand where defendant did not show that plaintiff would not be able to cure any purported deficiencies upon being granted leave to amend complaint).

Here, this case falls squarely within the line of Ninth Circuit cases recognizing fraudulent joinder where settled state law forecloses liability. *See McCabe*, 811 F.2d at 1339. It is clear that Plaintiff cannot cure the deficiencies in his FAC even if leave to amend were granted. Indeed, even after Plaintiff amended post-removal to add additional adjectives, boilerplate malice allegations, and vague "republication" theories, the core defect remains incurable: **the statements attributed to Wilson are nonactionable workplace evaluations amounting to opinion, and the alleged publications are privileged internal personnel communications.** No amount of repleading can change the nature of the underlying statement from "insubordination" into a provably false factual assertion, nor can conclusory references to malice eliminate the privilege where the FAC's own specific allegations show ordinary HR/management circulation.

In short, this is a scenario where the defamation allegations—even as amended—show that there is **no viable defamation claim against Wilson as a matter of law.**

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326153601v.3

Because Plaintiff cannot recover against Wilson on any theory reasonably suggested by the FAC, Wilson's citizenship must be disregarded

## IV.    CONCLUSION

Based on the foregoing reasons, the Court should deny Plaintiff's Motion to Remand.

DATED: June 4, 2026                              SEYFARTH SHAW LLP


By: */s/ Miguel A. Ramirez*
     Jonathan L. Brophy
     Miguel A. Ramirez
     David Mgeryan
Attorneys for Defendant
US FOODS, INC. (dba U.S.
FOODSERVICE, INC.)

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326153601v.3