SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
Miguel A. Ramirez (SBN 332966)
mramirez@seyfarth.com
David Mgeryan (SBN 358291)
dmgeryan@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:(310) 201-5219

Attorneys for Defendant
US FOODS, INC. (dba U.S. FOODSERVICE, INC.)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN SCHLAGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>US FOODS, INC., a Delaware corporation; JEFF WILSON, an individual; and DOES 1-25, inclusive,<br><br>　　　　　Defendants. | Case No. 2:26-cv-01441-DC-JDP<br><br>**DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Sacramento Superior Court, Case No. 26CV005241]<br><br>Complaint Filed: March 3, 2026<br>Action Removed: April 8, 2026<br>FAC Filed: April 28, 2026 |

325621627v.5

Defendant US Foods, Inc. (dba U.S. Foodservice, Inc.) ("Defendant" or "US Foods"), for itself and for no other defendant, hereby answers the First Amended Complaint for Damages ("FAC") filed by Plaintiff Roman Schlager ("Plaintiff") as follows:

## PARTIES

**COMPLAINT ¶1:**

Plaintiff ROMAN SCHLAGER (referred to as "Schlager" or "Plaintiff" or "Plaintiff Schlager") is a male adult natural person who is and was at all times mentioned a resident of the State of California and employed by Defendant US FOODS, INC., and/or DOES 1-25 in the County of Sacramento, State of California.

**ANSWER:**

Answering paragraph 1 of the FAC, based on its records with information provided by Plaintiff, Defendant admits that Plaintiff's gender is male, that he is an adult natural person, and Plaintiff resided in California. Defendant further admits that Plaintiff was employed by US Foods in Sonoma County, but also performed work in Sacramento, California. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶2:**

Defendant US FOODS, INC. ("Defendant US FOODS" or "US FOODS") is a Delaware corporation, Federal EIN 36-3642294, authorized to do and is doing business in the State of California. Defendant US FOODS maintains a work facility at 4455 Winters Street, Sacramento, California 95652, and its corporate headquarters at 9399 West Higgins Road, Suite 100, Rosemont, Illinois 60018. Defendant US FOODS was at all times material to this Complaint, an employer of Plaintiff, doing business in the State of California, and is an entity subject to suit before this Court.

**ANSWER:**

Answering paragraph 2 of the FAC, Defendant admits that US Foods is a Delaware corporation with Federal EIN 36-3642294 and is authorized to do and is doing business in the State of California. Defendant further admits that US Foods maintains a work

1

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

facility at 4455 Winters Avenue, McClellan, California 96562. Defendant further admits that US Foods' corporate headquarters is at 9399 West Higgins Road, Suite 100, Rosemont, Illinois 60018. Defendant further admits that it was an employer of Plaintiff and does business in the State of California. Defendant admits that US Foods is a named Defendant in this lawsuit. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶3:**

Defendant JEFF WILSON ("Defendant Wilson" or "Wilson") was at all times material to this Complaint, a managing agent of Defendant US FOODS and manager of Plaintiff, and personally participated in the acts alleged herein, including the conduct giving rise to Plaintiff's claims, in the State of California, and is an individual subject to suit before this Court.

**ANSWER:**

Answering paragraph 3 of the FAC, Defendant admits that Jeff Wilson was Plaintiff's last manager. Defendant denies that that Jeff Wilson was a managing agent of US Foods and that Jeff Wilson is an individual subject to suit before this Court. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶4:**

DOES 1-25 are sued under fictitious names. Their true names and capacities are unknown to Plaintiff. Plaintiff alleges on information and belief that DOES 1-25 are entities of unknown form who were the employers of Plaintiff. They are also individuals who committed torts alleged against Plaintiff. The true names and capacities, whether individual, corporate, associate, agency, or otherwise, DOES 1-25, inclusive are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend the Complaint to show their true names and capacities when they have been ascertained.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**ANSWER:**

Answering paragraph 4 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 4 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶5:**

For the purposes of this Complaint, the terms "Defendant," "Defendant US FOODS," "Defendant Wilson," and "DOES 1-25" will be collectively referred to as "Defendants."

**ANSWER:**

Answering paragraph 5 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 5 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶6:**

Plaintiff alleges on information and belief that there exists, and, at all times relevant to this Complaint, existed a unity of interests between the Defendants such that any individuality and separateness between these Defendants has ceased, and these Defendants are the alter ego of the other Defendants and extend control over each other. Adherence to the fiction of the separate existence of these Defendants as an entity distinct from other Defendants will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

**ANSWER:**

Answering paragraph 6 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 6 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**COMPLAINT ¶7:**

Plaintiff alleges on information and belief that the individual defendants were the agents, servants, and employees of Defendants and, in doing the acts and things alleged in this Complaint, were at all times acting within the course and scope of said agency, servitude, and employment and with the permission, consent, and approval or subsequent ratification of the named Defendants.

**ANSWER:**

Answering paragraph 7 of the Complaint, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 7 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶8:**

Plaintiff alleges on information and belief that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint were acting within the scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants.

**ANSWER:**

Answering paragraph 8 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 8 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶9:**

Plaintiff alleges on information and belief that Defendants, and each of them, were employers and/or persons acting on behalf of an employer subject to suit under the California Labor Code and California Civil Code as they are organizations with employees and individuals employed by an organization doing business in the State of California.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**ANSWER:**

Answering paragraph 9 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 9 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶10:**

Plaintiff alleges on information and belief that Defendants constituted an "integrated enterprise" and "integrated employers" with interrelated operations, common management, centralized control of labor relations, and common ownership and/or financial control. Plaintiff also alleges that the Defendants were, at all times relevant hereto, the alter egos and/or the agents of each other. Whenever reference is made to the Defendants, it is intended to include the named Defendants as well as all of the DOE Defendants. Each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences alleged and proximately caused Plaintiff's damages.

**ANSWER:**

Answering paragraph 10 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 10 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**VENUE AND JURISDICTION**

**COMPLAINT ¶11:**

Venue is proper because Plaintiff worked for Defendant US FOODS in the County of Sacramento, State of California. Defendant US FOODS was doing business in the County of Sacramento, State of California. Venue is also proper because the wrongful conduct that is alleged in this Complaint took place in the County of Sacramento.

**ANSWER:**

Answering paragraph 11 of the FAC, Defendant admits that Venue is proper in the United States District Court, Eastern District of California. Defendant further admits that

5

US Foods was doing business in the County of Sacramento, State of California. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶12:**

Subject matter jurisdiction is proper in this Court as this is an unlimited civil action and the amount in controversy exceeds the jurisdictional minimum of this Court.

**ANSWER:**

Answering paragraph 12 of the FAC, Defendant admits that subject matter jurisdiction is proper in the United States District Court, Eastern District of California. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶13:**

At all times mentioned, the California Labor Code was in full force and effect and binding on Defendants.

**ANSWER:**

Answering paragraph 13 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 13 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

## FACTS COMMON TO ALL CAUSES OF ACTION

**COMPLAINT ¶14:**

Plaintiff worked for Defendant US FOODS as a Shuttle Driver from January 6, 1995, until his unlawful termination on February 12, 2026. Plaintiff worked full-time and earned $45.00 per hour. Plaintiff's job duties included operating commercial vehicles to transport goods and equipment between Defendant US FOODS facilities and performing shuttle services as assigned by his supervisors at the Sacramento facility, in compliance with Defendant's safety policies and procedures.

**ANSWER:**

Answering paragraph 14 of the FAC, Defendant admits that Plaintiff was initially hired on approximately July 6, 1995. Defendant further admits that Plaintiff last held the

6

position of Shuttle Driver until his separation of employment on February 12, 2026. Defendant further admits that at the time of his separation, Plaintiff was a full-time, hourly, non-exempt employee. Defendant further admits that Plaintiff's job duties included operating tractor trailers containing various products to and from remote dispatch sites and truck yards as assigned by supervisors at the Sacramento and Santa Rosa facilities in compliance with applicable federal, state, and local laws, as well as Defendant's safety policies and procedures. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶15:**

Throughout his more than thirty-one years of employment with Defendant US FOODS, Plaintiff maintained an exemplary employment record with perfect attendance and a flawless safety record. Plaintiff never received any accidents or traffic citations during his entire tenure with Defendant US FOODS. Plaintiff's dedication to workplace safety was formally recognized by Defendant US FOODS when he received a prestigious thirty-year safety award in recognition of his outstanding safety performance and commitment to safe operations. Prior to the events described herein, Plaintiff had never been disciplined or reprimanded by Defendant US FOODS.

**ANSWER:**

Answering paragraph 15 of the FAC, Defendant admits that Plaintiff was employed with Defendant for over 30 years. Defendant denies that Plaintiff had never been disciplined by US Foods or that Plaintiff had a flawless safety record. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 15, and therefore, denies them.

**COMPLAINT ¶16:**

On or about January 16, 2026, Plaintiff reported serious safety violations to Defendant US FOODS Human Resources representative Eduardo Llamas ("Llamas"), including concerns regarding Transportation Manager Michael Wright ("Wright"). Plaintiff reported that Wright was allowing older equipment to be used on sites contrary

7

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

to safety standards when newer equipment was supposed to be used. Plaintiff further reported that there was only one mechanic on site at a time, which created an extreme safety hazard for drivers and other employees.

**ANSWER:**

Answering paragraph 16 of the FAC, Defendant admits that, on or around January 14, 2026, Plaintiff reported to US Foods purported issues with the allocation of new tractor and equipment assignments at his Santa Rosa facility relative to other US Foods facilities in the region and the need for newer equipment at his facility. Defendant further admits that Plaintiff reported purported issues with the staffing mechanics at the facility. Defendant further admits that it investigated the issues Plaintiff raised and deemed them unfounded. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶17:**

Plaintiff reported these safety concerns to Llamas because he was genuinely worried about the safety risks posed by the use of inadequate equipment and insufficient mechanical support staff. Plaintiff reasonably believed that these practices violated state and federal workplace safety regulations and put employees and the public at risk, including risks associated with commercial vehicle operation. Plaintiff believed it was his duty to report these violations to protect himself, his co-workers, and members of the public.

**ANSWER:**

Answering paragraph 16 of the FAC, Defendant admits that, on or around January 14, 2026, Plaintiff reported to US Foods purported issues with the allocation of new tractor and equipment assignments at his Santa Rosa facility relative to other US Foods facilities in the region and the need for newer equipment at his facility. Defendant further admits that Plaintiff reported purported issues with the staffing mechanics at the facility. Defendant further admits that it investigated the issues Plaintiff raised and deemed them unfounded. Defendant denies the remaining allegations, if any, contained therein.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**COMPLAINT ¶18:**

Following Plaintiff's January 16, 2026 safety complaint to Human Resources, Defendant US FOODS and its managers began taking steps to terminate Plaintiff's employment in retaliation for his protected whistleblowing activity.

**ANSWER:**

Answering paragraph 18 of the FAC, Defendant denies the allegations.

**COMPLAINT ¶19:**

On or about February 4, 2026, Plaintiff was scheduled to work the night shift. Prior to beginning his shift, Plaintiff's immediate supervisor, David Reyes ("Reyes"), provided Plaintiff with a specific assignment for that evening related to safety issues at the Sacramento facility, which Plaintiff began carrying out as instructed. Later that same evening, while Plaintiff was on duty and operating a commercial vehicle, Transportation Supervisor Jeff Wilson ("Defendant Wilson") sent Plaintiff text messages attempting to assign him a different and conflicting assignment.

**ANSWER:**

Answering paragraph 19 of the FAC, Defendant admits that, on February 4, 2026, before Plaintiff began work, Jeff Wilson sent Plaintiff a text message concerning a work assignment. Defendant further admits that Jeff Wilson sent Plaintiff a text message later that same evening asking Plaintiff to complete the requested assignment. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶20:**

Defendant US FOODS maintained a strict company policy prohibiting employees from using their phones, or even holding their phones, while performing work duties and operating commercial vehicles. Because Plaintiff was actively driving at the time Defendant Wilson sent the text messages, Plaintiff complied with this mandatory safety policy and did not look at, respond to, or act upon the messages. Plaintiff could not safely or legally review the messages until he returned to the Sacramento facility. By the time

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

Plaintiff was able to do so, it was too late to complete the conflicting assignment Defendant Wilson had attempted to assign.

**ANSWER:**

Answering paragraph 20 of the FAC, Defendant admits that US Foods maintained a company policy prohibiting the use of handheld phones while operating commercial vehicles in gear or in motion. Defendant denies that Plaintiff could not review the text message Wilson sent to Plaintiff before Plaintiff began work on February 4, 2026, or that Plaintiff could not otherwise review messages when his commercial vehicle was parked or stopped at Plaintiff's Santa Rosa facility. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 20, and therefore, denies them.

**COMPLAINT ¶21:**

On or about February 4, 2026, Defendant Wilson filed an insubordination report against Plaintiff based on Plaintiff's alleged failure to immediately respond to text messages and complete a conflicting assignment. Defendant Wilson accused Plaintiff of intentional insubordination for not abandoning the assignment given to him by Reyes and for not responding to text messages while Plaintiff was operating a commercial vehicle— conduct that Plaintiff understood to be prohibited by Defendant US FOODS' safety policies. Records from the Sacramento facility reflect the assignment provided by Reyes and Plaintiff's assigned duties on February 4, 2026, which are consistent with Plaintiff's account and inconsistent with the accusation of insubordination.

**ANSWER:**

Answering paragraph 21 of the FAC, Defendant admits that, on February 4, 2026, Wilson notified Senior Manager Michael Wright that Plaintiff had not responded to the text message he sent to Plaintiff before Plaintiff began work or the text message he sent Plaintiff later in the evening, that Plaintiff had not otherwise completed the requested assignment upon his two trips to the Sacramento facility, and that Plaintiff informed Wilson that the requested assignment was not one of his job duties. Defendant further

10

325621627v.5

admits that US Foods maintained a company policy prohibiting the use of handheld phones while operating commercial vehicles in gear or in motion. Defendant denies that Plaintiff could not review the text message Wilson sent to Plaintiff before Plaintiff began work on February 4, 2026, or that Plaintiff could not otherwise review messages when his commercial vehicle was parked or stopped at Plaintiff's Santa Rosa facility. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶22:**

On or about February 12, 2026, only twenty-seven days after Plaintiff filed his safety complaint with Human Resources, Llamas informed Plaintiff that his employment was terminated for alleged insubordination. The stated basis for the termination was Plaintiff's failure to respond to text messages and complete the conflicting assignment on February 4, 2026. Defendant US FOODS did not provide Plaintiff with his final paycheck at the time of termination and failed to provide proper documentation of final wages and termination information as required by law.

**ANSWER:**

Answering paragraph 22 of the FAC, Defendant admits that Plaintiff's employment was terminated on February 12, 2026. Defendant further admits that on February 12, 2026, US Foods informed Plaintiff that his employment was terminated for insubordination for his refusal to follow Wilson's work directives. Defendant further admits that it provided Plaintiff with his final pay on February 13, 2026, inclusive of waiting time penalties pursuant to California law. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶23:**

The stated reason for Plaintiff's termination was pretextual. Plaintiff was terminated in retaliation for reporting workplace safety violations to Human Resources on January 16, 2026. As alleged above, Plaintiff complied with Defendant US FOODS' mandatory safety policy prohibiting the use of phones while operating commercial

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

vehicles, yet Defendants relied on that same conduct as the basis to terminate his employment.

**ANSWER:**

Answering paragraph 23 of the FAC, Defendant admits that US Foods maintained a company policy prohibiting the use of handheld phones while operating commercial vehicles in gear or in motion. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶24:**

Upon information and belief, Wright, the Transportation Manager about whom Plaintiff complained regarding safety violations, remains employed by Defendant US FOODS and continues to allow unsafe practices at the Sacramento facility.

**ANSWER:**

Answering paragraph 24 of the FAC, Defendant admits that Michael Wright is still employed with US Foods. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶25:**

Plaintiff was shocked, embarrassed, ashamed, and humiliated by the news of his termination and suffered financial hardship as a result. Plaintiff had dedicated over thirty-one years of his life to Defendant US FOODS and had never been disciplined prior to reporting the safety violations to Human Resources.

**ANSWER:**

Answering paragraph 25 of the FAC, Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 25, and therefore, denies them.

**COMPLAINT ¶26:**

Plaintiff now timely brings this civil action.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**ANSWER:**

Answering paragraph 26 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 26 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**FIRST CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF LABOR CODE § 1102.5**
**(Against Defendant US FOODS and DOES 1-25)**

**COMPLAINT ¶27:**

Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully set forth herein.

**ANSWER:**

Answering paragraph 27 of the FAC, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

**COMPLAINT ¶28:**

By their conduct as set forth above, Defendants violated California Labor Code section 1102.5(b) by retaliating against Plaintiff on account of his reporting unlawful conduct regarding safety violations to a person with authority over Plaintiff or another employee with authority to investigate, discover, or correct the violation, including Plaintiff's January 16, 2026 complaint to Human Resources.

**ANSWER:**

Answering paragraph 28 of the FAC, Defendant denies that it retaliated against Plaintiff or that it terminated Plaintiff's employment because of any purported engagement in protected activity. Defendant states that no response is required as to the remainder of paragraph 28 because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 28 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**COMPLAINT ¶29:**

By their conduct as set forth above, Defendants violated California Labor Code section 1102.5(c) by retaliating against Plaintiff on account of his refusal to engage in conduct that would violate California traffic laws such as the ban on texting while driving and "hands free" driving requirements, as well as Defendant's own safety policies prohibiting the use of phones while operating commercial vehicles.

**ANSWER:**

Answering paragraph 29 of the FAC, Defendant admits that US Foods maintained a company policy prohibiting the use of handheld phones while operating commercial vehicles in gear or in motion. Defendant denies that it violated the Labor Code or otherwise retaliated against Plaintiff. Defendant states that no response is required as to the remainder of paragraph 29 because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 29 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶30:**

Plaintiff's protected activity was a substantial motivating reason for the adverse employment action.

**ANSWER:**

Answering paragraph 30 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 30 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶31:**

Plaintiff was harmed by Defendants' retaliatory conduct, which was a substantial factor in causing Plaintiff harm.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**ANSWER:**

Answering paragraph 31 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 31 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶32:**

As a direct and proximate result of Defendants' conduct and failures to act, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

**ANSWER:**

Answering paragraph 32 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 32 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶33:**

As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, humiliation, emotional distress, and other damages to be proven at the time of trial.

**ANSWER:**

Answering paragraph 33 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 33 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶34:**

Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of the conduct alleged herein but were allowed to proceed, by officers, directors, and/or managing

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

**ANSWER:**

Answering paragraph 34 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 34 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶35:**

As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the statutory attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

**ANSWER:**

Answering paragraph 35 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 35 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**SECOND CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF LABOR CODE § 6310**
**(Against Defendant US FOODS and DOES 1-25)**

**COMPLAINT ¶36:**

Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully set forth herein.

**ANSWER:**

Answering paragraph 36 of the FAC, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

**COMPLAINT ¶37:**

By their conduct as set forth above, Defendants violated California Labor Code section 6310 by discriminating and/or retaliating against Plaintiff on account of his reporting unsafe working conditions and practices to his employer, including Plaintiff's

16

325621627v.5

January 16, 2026 complaint to Human Resources regarding unsafe equipment and insufficient mechanical staffing.

**ANSWER:**

Answering paragraph 37 of the FAC, Defendant denies that it retaliated against Plaintiff or that it terminated Plaintiff's employment because of any purported engagement in protected activity. Defendant states that no response is required as to the remainder of paragraph 37 because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 37 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶38:**

Plaintiff's reporting of unsafe working conditions was a substantial motivating reason for Defendants' adverse employment actions.

**ANSWER:**

Answering paragraph 38 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 38 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶39:**

Plaintiff was harmed by Defendants' conduct, and Defendants' retaliatory conduct was a substantial factor in causing Plaintiff harm.

**ANSWER:**

Answering paragraph 39 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 39 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

17

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**COMPLAINT ¶40:**

As a direct and proximate result of Defendants' conduct and failures to act, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

**ANSWER:**

Answering paragraph 40 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 40 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶41:**

As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, humiliation, emotional distress, and other damages to be proven at the time of trial.

**ANSWER:**

Answering paragraph 41 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 41 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶42:**

Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of the conduct alleged herein but were allowed to proceed, by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

**ANSWER:**

Answering paragraph 42 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not

18

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

contain any factual allegations. To the extent paragraph 42 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶43:**

As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

**ANSWER:**

Answering paragraph 43 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 43 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**THIRD CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF LABOR CODE § 6311**
**(Against Defendant US FOODS and DOES 1-25)**

**COMPLAINT ¶44:**

Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully set forth herein.

**ANSWER:**

Answering paragraph 44, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

**COMPLAINT ¶45:**

By their conduct, Defendants violated California Labor Code section 6311 by retaliating against Plaintiff on account of his refusal to engage in unsafe conduct, including responding to text messages while operating a commercial vehicle in violation of Defendant US FOODS' safety policies, and by terminating his employment.

**ANSWER:**

Answering paragraph 45 of the FAC, Defendant denies that it retaliated against Plaintiff or that it terminated Plaintiff's employment because of any purported engagement in protected activity. Defendant states that no response is required as to the

19

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

remainder of paragraph 45 because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 45 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶46:**

Plaintiff's refusal to engage in unsafe conduct was a substantial motivating reason for Defendants' decision to terminate his employment.

**ANSWER:**

Answering paragraph 46 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 46 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶47:**

Plaintiff was harmed by Defendants' conduct, and Defendants' retaliatory conduct was a substantial factor in causing Plaintiff harm.

**ANSWER:**

Answering paragraph 47 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 47 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶48:**

As a direct and proximate result of Defendants' conduct and failures to act, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

**ANSWER:**

Answering paragraph 48 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

contain any factual allegations. To the extent paragraph 48 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶49:**

As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, humiliation, emotional distress, and other damages to be proven at the time of trial.

**ANSWER:**

Answering paragraph 49 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 49 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶50:**

Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of the conduct alleged herein but were allowed to proceed, by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

**ANSWER:**

Answering paragraph 50 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 50 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶51:**

As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**ANSWER:**

Answering paragraph 51 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 51 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendant US FOODS and DOES 1-25)

**COMPLAINT ¶52:**

Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

**ANSWER:**

Answering paragraph 52, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

**COMPLAINT ¶53:**

At all times relevant to this FAC, the California Labor Code was in full force and effect and binding upon Defendants. Labor Code sections 1102.5, 6310, and 6311 prohibit employers from retaliating, discriminating or discharging an employee on the basis of reporting unsafe working conditions and work practices, and reporting violations of state and/or federal laws, statutes, or regulations.

**ANSWER:**

Answering paragraph 53 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 53 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶54:**

Defendants' conduct of terminating Plaintiff's employment in retaliation for asserting his rights under the California Labor Code, was in violation of fundamental, substantial public policies of this state, including California Labor Code sections 1102.5,

22

325621627v.5

6310, and 6311. The termination of a thirty-one-year employee for reporting safety hazards and complying with company safety policies contravenes these substantial public policies protecting employees who report legal violations and unsafe workplace conditions.

**ANSWER:**

Answering paragraph 54 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 54 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶55:**

Defendants' conduct was a substantial factor in causing harm to Plaintiff.

**ANSWER:**

Answering paragraph 55 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 55 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶56:**

As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered actual, consequential, and incidental damages, including, without limitation, loss of regular employment and loss of career advancement opportunities in an amount subject to proof at trial.

**ANSWER:**

Answering paragraph 56 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 56 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**COMPLAINT ¶57:**

As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, substantial earnings and job benefits, in addition to humiliation, embarrassment, and emotional distress in an amount exceeding jurisdictional limits, the precise amount of which is subject to proof at trial.

**ANSWER:**

Answering paragraph 57 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 57 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶58:**

Defendants' acts were committed maliciously, fraudulently, and oppressively, with the wrongful intention of harming Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount subject to proof at trial.

**ANSWER:**

Answering paragraph 58 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 58 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶59:**

The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under principles of agency and respondeat superior.

**ANSWER:**

Answering paragraph 59 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

contain any factual allegations. To the extent paragraph 59 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶60:**

Defendants' wrongful conduct has also necessitated the retention of legal counsel to pursue Plaintiff's claims, the costs of which should be borne by Defendants.

**ANSWER:**

Answering paragraph 60 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 60 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**FIFTH CAUSE OF ACTION**
**WAITING TIME PENALTIES**
**(CAL. LABOR CODE §§ 201, 203)**
**(Against Defendant US FOODS and DOES 1-25)**

**COMPLAINT ¶61:**

Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

**ANSWER:**

Answering paragraph 61, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

**COMPLAINT ¶62:**

Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

**ANSWER:**

Answering paragraph 62 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 62 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**COMPLAINT ¶63:**

Defendants knowingly and willfully failed to timely pay Plaintiff all wages due and owing at the time of termination in violation of Labor Code section 201. Defendants did not provide Plaintiff with his final paycheck at the time of his termination on February 12, 2026, and failed to provide proper final wage documentation and termination information as required by law.

**ANSWER:**

Answering paragraph 63 of the FAC, Defendant admits that it provided Plaintiff with his final pay on February 13, 2026, inclusive of waiting time penalties pursuant to California law. Defendant states that no response is required as to the remainder of paragraph 63 because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent the remainder of paragraph 63 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶64:**

Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code section 201, then the employer is liable for waiting time penalties in the form of continued compensation at the employee's daily rate of pay for up to thirty (30) days. Based on Plaintiff's hourly wage of $45.00, Plaintiff's daily rate of pay is $360.00 (calculated at eight hours per day), resulting in potential waiting time penalties of up to $10,800.00 (thirty days at $360.00 per day).

**ANSWER:**

Answering paragraph 64 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 64 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

## SIXTH CAUSE OF ACTION
### DEFAMATION
**(Against All Defendants)**

**COMPLAINT ¶65:**

Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully set forth herein.

**ANSWER:**

Answering paragraph 65, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

**COMPLAINT ¶66:**

Plaintiff is informed and believes Defendant US FOODS and Defendant WILSON and DOES 1 through 25, and each of them, by the herein-described acts, conspired to, and in fact did, negligently, recklessly, and intentionally cause excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied accusations that Plaintiff engaged in insubordination to such an extent that his immediate termination was required and necessary, including statements based on Plaintiff's alleged failure to respond to text messages and complete a conflicting assignment, despite Plaintiff's compliance with Defendant US FOODS' safety policies prohibiting the use of phones while operating commercial vehicles. These statements were reduced to writing, including in an insubordination report and termination-related documentation, and were circulated among Defendant US FOODS' management and Human Resources personnel, including Llamas, Wright, Reyes, and Wilson. Records from the Sacramento facility reflect Plaintiff's assigned duties and are consistent with Plaintiff's account and inconsistent with the accusation of insubordination. Defendants made and circulated these statements without reasonable investigation and in disregard of such records. Defendant Wilson took a responsible part in the publication of these defamatory statements, including by initiating, authoring, and causing the dissemination of the insubordination accusation.

27

325621627v.5

**ANSWER:**

Answering paragraph 66 of the FAC, Defendant admits that, on February 4, 2026, Wilson notified Senior Manager Michael Wright that Plaintiff had not responded to the text message he sent to Plaintiff before Plaintiff began work or the text message he sent Plaintiff later in the evening, that Plaintiff had not otherwise completed the requested assignment upon his two trips to the Sacramento facility, and that Plaintiff informed Wilson that the requested assignment was not one of his job duties. Defendant further admits that US Foods maintained a company policy prohibiting the use of handheld phones while operating commercial vehicles in gear or in motion. Defendant denies that Plaintiff could not review the text message Wilson sent to Plaintiff before Plaintiff began work on February 4, 2026, or that Plaintiff could not otherwise review messages when his commercial vehicle was parked or stopped at Plaintiff's Santa Rosa facility. Defendant further admits that information concerning Plaintiff's failure to follow Wilson's directives was circulated among key and necessary managerial and human resources employees. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶67:**

Plaintiff heard these express and implied publications from Defendants' agents and employees during or around a February 2026 meeting at which Plaintiff was informed of his termination, and at other times from additional agents and employees of Defendants, whose identities are unknown at this time. These defamatory publications were used as justification to terminate Plaintiff, including statements communicated during the termination meeting and reflected in written disciplinary and termination-related documents. All such publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants, and each of them, including through internal communications among management and Human Resources personnel. Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of them, were and continue to be foreseeably published and republished by Defendants, their agents and employees, and other recipients in the

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

community, and were incorporated into Plaintiff's employment records and communicated among supervisory personnel. Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial, including those republications Plaintiff himself was foreseeably forced and compelled to publish.

**ANSWER:**

Answering paragraph 67 of the FAC, Defendant admits that on February 12, 2026, US Foods informed Plaintiff that his employment was terminated for insubordination for his refusal to follow Wilson's work directives. Defendant denies that any such statements concerning the reasons for terminating Plaintiff's employment were outrageous, negligent, reckless, intentional, and maliciously made. Defendant lacks sufficient knowledge or information, including knowledge about Plaintiff's beliefs, to admit or deny the allegations set forth in paragraph 67, and therefore, denies them.

**COMPLAINT ¶68:**

During the above-described time frame, Defendants, and each of them, negligently, recklessly, and intentionally caused publication of these defamatory statements to other employees and managers of Defendant US FOODS who did not have a legitimate need to know, including through written communications such as the insubordination report and termination-related documentation. The persons to whom these statements were published include, but are not limited to, Human Resources personnel, supervisors, Llamas, Wright, Reyes, Wilson, and other management employees, whose identities are presently unknown to Plaintiff and who were involved in reviewing or relying on such statements.

**ANSWER:**

Answering paragraph 68 of the FAC, Defendant admits that information concerning Plaintiff's failure to follow Wilson's directives was circulated among key and necessary managerial and human resources employees. Defendant denies the remaining allegations, if any, contained therein.

29

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

**COMPLAINT ¶69:**

The defamatory publications consisted of oral and written, knowingly false and unprivileged communications tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the above-described false and defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or substance that Plaintiff engaged in insubordination to such an extent that his immediate termination was required and necessary, including statements based on Plaintiff's alleged failure to respond to text messages and complete a conflicting assignment while he was operating a commercial vehicle in compliance with Defendant US FOODS' safety policies.

**ANSWER:**

Answering paragraph 69 of the FAC, Defendant admits that US Foods terminated Plaintiff's employment for insubordination for his refusal to follow Wilson's work directives. Defendant further admits that US Foods maintained a company policy prohibiting the use of handheld phones while operating commercial vehicles in gear or in motion. Defendant denies that Plaintiff could not review the text message Wilson sent to Plaintiff before Plaintiff began work on February 4, 2026, or that Plaintiff could not otherwise review messages when his commercial vehicle was parked or stopped at Plaintiff's Santa Rosa facility. Defendant states that no response is required as to the remainder of paragraph 69 because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent the remainder of paragraph 69 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶70:**

These defamatory statements, and each of them, expressly and impliedly asserted that Plaintiff was incompetent and that his immediate termination was justified for all these reasons, and were made and circulated despite the existence of records from the Sacramento facility reflecting Plaintiff's assigned duties and compliance with company

30

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

policies, which were consistent with Plaintiff's account and inconsistent with the accusation of insubordination. These statements tended directly to injure Plaintiff in his occupation as a commercial driver and imputed a general disqualification to perform his job duties.

**ANSWER:**

Answering paragraph 70 of the FAC, Defendant admits that US Foods terminated Plaintiff's employment for insubordination for his refusal to follow Wilson's work directives. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶71:**

Plaintiff is informed, believes, and fears that these false and defamatory per se statements will continue to be published by Defendants, and each of them, and will be foreseeably republished by their recipients, resulting in ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

**ANSWER:**

Answering paragraph 71 of the FAC, Defendant lacks sufficient knowledge about Plaintiff's beliefs to respond to the allegations, and denies them on that basis. Defendant states that no response is required as to the remainder of paragraph 71 because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent the remainder of paragraph 71 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶72:**

The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff were understood by the above-referenced third-person recipients and other members of the community who are known to Defendants, and each of them, but whose identities are unknown to Plaintiff at this time.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

**ANSWER:**

Answering paragraph 72 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 72 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶73:**

None of Defendants' defamatory publications against Plaintiff referenced above are true. As alleged above, Plaintiff complied with Defendant US FOODS' safety policies and was performing his assigned duties at the time of the events in question. Records from the Sacramento facility reflect assignments consistent with Plaintiff's account and inconsistent with the accusation of insubordination, including records reflecting the assignment provided by Reyes and Plaintiff's assigned duties on February 4, 2026. These records were available within Defendant US FOODS and were disregarded in making and publishing the false statements.

**ANSWER:**

Answering paragraph 73 of the FAC, Defendant denies the allegations.

**COMPLAINT ¶74:**

The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes that this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress in this action.

**ANSWER:**

Answering paragraph 74 of the FAC, Defendant lacks sufficient knowledge about Plaintiff's beliefs to respond to the allegations, and denies them on that basis. Defendant states that no response is required as to the remainder of paragraph 74 because it only contains unsupported legal contentions or conclusion, and does not contain any factual

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

allegations. To the extent the remainder of paragraph 74 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶75:**

Each of these false, defamatory per se publications (as set forth above) was negligently, recklessly, and intentionally published in a manner equaling malice. These publications abused any alleged conditional privilege (which Plaintiff denies existed). All of the publications were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff. These publications were made in order to terminate Plaintiff for his reporting of unsafe working conditions and were used to justify Defendants' illegal, cruel, and unjustified termination of Plaintiff.

**ANSWER:**

Answering paragraph 75 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 75 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶76:**

As alleged above, Plaintiff was operating a commercial vehicle and complied with Defendant US FOODS' safety policies prohibiting the use of phones while driving and, therefore, could not safely or legally respond to Defendant Wilson's text messages at the time they were sent. Despite this, Defendant Wilson falsely characterized Plaintiff's conduct as insubordination, even though he knew or should have known that Plaintiff could not respond while driving and was complying with company policy.

**ANSWER:**

Answering paragraph 76 of the FAC, Defendant admits that, on February 4, 2026, Wilson notified Senior Manager Michael Wright that Plaintiff had not responded to the text message he sent to Plaintiff before Plaintiff began work or the text message he sent Plaintiff later in the evening, that Plaintiff had not otherwise completed the requested assignment upon his two trips to the Sacramento facility, and that Plaintiff informed

33

Wilson that the requested assignment was not one of his job duties. Defendant further admits that US Foods maintained a company policy prohibiting the use of handheld phones while operating commercial vehicles in gear or in motion. Defendant denies that Plaintiff could not review the text message Wilson sent to Plaintiff before Plaintiff began work on February 4, 2026, or that Plaintiff could not otherwise review messages when his commercial vehicle was parked or stopped at Plaintiff's Santa Rosa facility. Defendant denies the remaining allegations, if any, contained therein.

**COMPLAINT ¶77:**

These false and defamatory statements were made to cause further damage to Plaintiff's professional and personal reputation, to cause him to be fired, to falsely justify his firing, and to cause him to be shunned by his associates and other members of the community. Defendants created and adopted this false narrative in retaliation for Plaintiff's January 16, 2026 complaint regarding unsafe working conditions and published these statements without reasonable investigation and in conscious disregard of the truth.

**ANSWER:**

Answering paragraph 77 of the FAC, Defendant denies the allegations.

**COMPLAINT ¶78:**

These publications were the result of prior ill will, rivalry, and disputes regarding Defendants' failure to comply with the law concerning the proper and legal treatment of employees and were used to justify the improper and illegal termination of Plaintiff for reasons that violated the public policy of this state. The statements were not made in good faith and were not limited to persons with a common interest.

**ANSWER:**

Answering paragraph 78 of the FAC, Defendant denies the allegations.

**COMPLAINT ¶79:**

Each of these publications by Defendants, and each of them, was made with knowledge that no reasonable investigation supported the unsubstantiated and obviously

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

false statements, including by disregarding available records reflecting Plaintiff's assigned duties and compliance with Defendant US FOODS' safety policies. Defendants published these statements knowing them to be false, unsubstantiated by any reasonable investigation, and as the result of information from knowingly hostile witnesses, including by adopting and repeating a false narrative of insubordination despite Plaintiff's compliance with company policy.

**ANSWER:**

Answering paragraph 79 of the FAC, Defendant denies the allegations.

**COMPLAINT ¶80:**

These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless and were made in conscious disregard of the truth of the statements. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements and, in fact, knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know and who made no inquiry, and who had a mere general or idle curiosity of this information, including agents and employees of Defendant US FOODS who had no legitimate need to know such information.

**ANSWER:**

Answering paragraph 80, Defendant denies the allegations.

**COMPLAINT ¶81:**

The above complained-of publications by Defendants, and each of them, were made with hatred and ill will toward Plaintiff and with the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment, and employability. Defendants, and each of them, published these statements not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness, and/or an intent to injure Plaintiff and destroy his reputation, including by falsely characterizing Plaintiff's conduct as insubordination despite Plaintiff's compliance with

35

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

Defendant US FOODS' safety policies and his inability to respond to text messages while operating a commercial vehicle. Defendants made and circulated these statements despite the existence of records reflecting Plaintiff's assigned duties and without any reasonable investigation and communicated such statements to persons who did not have a legitimate need to know, thereby abusing any alleged conditional privilege. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

**ANSWER:**

Answering paragraph 81 of the FAC, Defendant denies the allegations.

**COMPLAINT ¶82:**

As a proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business, and professional reputation, including embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, as well as significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

**ANSWER:**

Answering paragraph 82 of the FAC, Defendant states that no response is required because it only contains unsupported legal contentions or conclusion, and does not contain any factual allegations. To the extent paragraph 82 purports to contain any factual allegations, Defendant denies each and every allegation contained therein.

**COMPLAINT ¶83:**

Defendants, and each of them, by and through their managing agents and officers, committed, authorized, and ratified the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights, including by adopting

36

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

and approving Defendant Wilson's false accusations of insubordination and using such accusations to justify Plaintiff's termination despite Plaintiff's compliance with Defendant US FOODS' safety policies and the existence of records reflecting Plaintiff's assigned duties.

**ANSWER:**

Answering paragraph 83 of the FAC, Defendant denies the allegations.

**COMPLAINT ¶84:**

All actions of Defendants, and each of them, their agents, employees, managing agents, and officers, as herein alleged, were known, authorized, ratified, and approved by Defendants and each of them, including the dissemination and repetition of such statements within Defendant US FOODS' management and Human Resources personnel. Plaintiff is thus entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on Defendants' wealth and ability to pay, according to proof at trial.

**ANSWER:**

Answering paragraph 84 of the FAC, Defendant denies the allegations.

**COMPLAINT ¶85:**

WHEREFORE, Plaintiff requests relief as hereinafter provide.

**ANSWER:**

This paragraph in Plaintiff's FAC relates to his request for relief, to which no response is required.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.      For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with prejudgment interest, according to proof;

2.      For punitive damages;

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

3.     For compensatory, general, and special damages, including front pay, in an amount according to proof;

4.     For statutory attorneys' fees;

5.     For statutory penalties;

6.     For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

7.     For costs of suit; and

8.     For such other and further relief as the Court may deem just and proper.

**ANSWER:**

Answering the Prayer for Relief and its sections 1 through 8, Defendant expressly denies that Plaintiff is entitled to any of the relief requested in the FAC, and further denies that Plaintiff is entitled to any relief whatsoever. Defendant denies any factual allegations in the Prayer for Relief.

## SEPARATE AFFIRMATIVE DEFENSES

In further answer to the First Amended Complaint ("FAC"), and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law. Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The additional defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any additional defense contained herein at any time.

## FIRST DEFENSE

### (Failure to State a Cause of Action—All Causes of Action)

1.     The FAC, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which any relief may be granted.

38

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

## SECOND DEFENSE

### (Failure to Exhaust Administrative Remedies—All Causes of Action)

2. Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust his administrative remedies or to comply with the statutory prerequisites for bringing suit.

## THIRD DEFENSE

### (Statute of Limitations—All Causes of Action)

3. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations, including, without limitation, those set forth in California Code of Civil Procedure sections 335.1, 338, 340, and 343.

## FOURTH DEFENSE

### (Waiver—All Causes of Action)

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH DEFENSE

### (Laches—All Causes of Action)

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

## SIXTH DEFENSE

### (Estoppel—All Causes of Action)

6. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel because of Plaintiff's own acts or omissions.

## SEVENTH DEFENSE

### (Unclean Hands—All Causes of Action)

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

## EIGHTH DEFENSE

### (Lack of Knowledge—All Causes of Action)

8.     To the extent that any unlawful conduct occurred, which Defendant denies, Defendant was not aware of Plaintiff's purported complaints of unlawful conduct. Accordingly, Plaintiff's claims are barred, or alternatively, his relief must be limited.

## NINTH DEFENSE

### (Consent/Authorization—All Causes of Action)

9.     Defendant asserts, without admitting that Defendant engaged in any of the acts or conduct attributed to it in the FAC, that any and all actions of Defendant with regard to Plaintiff was consented to and/or authorized by Plaintiff through Plaintiff's actions, omissions, and course of conduct.

## TENTH DEFENSE

### (Ratification—All Causes of Action)

10.     Plaintiff's claims are barred, in whole or in part, because any conduct by Defendant was ratified by Plaintiff.

## ELEVENTH DEFENSE

### (Legitimate Non-Discriminatory, Non-Retaliatory Actions—All Causes of Action)

11.     Plaintiff's claims are barred, in whole or in part, because Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment.

## TWELFTH DEFENSE

### (Same Decision—All Causes of Action)

12.     To the extent that Plaintiff demonstrates his alleged engagement in protected activity was a substantial motivating factor for any challenged employment action, which Defendant denies, Defendant would have taken the same action at that time for legitimate, independent reasons. As a result, Plaintiff may not obtain damages, back pay, or reinstatement.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

## THIRTEENTH DEFENSE

### (Legitimate, Independent Reasons—All Causes of Action)

13.    Any recovery on Plaintiff's FAC, or each purported cause of action alleged therein, is barred because assuming *arguendo* that retaliatory reasons were a contributing factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions for legitimate, independent reasons. Cal. Labor Code § 1102.6.

## FOURTEENTH DEFENSE

### (After-Acquired Evidence—All Causes of Action)

14.    Plaintiff's claims are barred, in whole or in part, to the extent he engaged in any misconduct of which Defendant was unaware until after Plaintiff's termination that provides independent legal cause for the termination of his employment.

## FIFTEENTH DEFENSE

### (Failure to Exercise Reasonable Preventive Corrective Opportunities—All Causes of Action)

15.    To the extent any of Defendant's employees or agents engaged in unlawful discriminatory or retaliatory behavior, or any other unlawful conduct toward Plaintiff, Defendant is not liable for any such discrimination, retaliation, or other conduct, or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory, retaliatory, or other unlawful behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

## SIXTEENTH DEFENSE

### (Prompt Remedial Action—All Causes of Action)

16.    Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations, if any, that Defendant had to Plaintiff.

## SEVENTEENTH DEFENSE

### (Outside Course and Scope of Agency or Employment—All Causes of Action)

17.    Defendant alleges, on information and belief, that if Plaintiff suffered any loss, damage or legal detriment, such loss, damage or legal detriment was directly and proximately caused and/or contributed to by intervening causes, events, and/or actions of third parties, or the actions of Plaintiff, over which Defendant had no control, and which was beyond the power or ability of Defendant to foresee, to prevent or to ameliorate. If any agent or employee of Defendant engaged in any alleged conduct that can be construed as unlawful, such conduct was outside the course and scope of such individual's agency or employment. Therefore, Plaintiff should not recover against Defendant for any loss, damage or legal detriment, so caused or so enhanced.

## EIGHTEENTH DEFENSE

### (Managerial Discretion—All Causes of Action)

18.    Plaintiff's claims, in whole or in part, are barred to the extent that any and all decisions made and actions taken by and/or on behalf of Defendant, were made and taken in the exercise of proper managerial discretion and in good faith.

## NINETEENTH DEFENSE

### (No Protected Activity—All Causes of Action)

19.    Plaintiff did not engage in any protected activity in that he did not complain of any alleged discriminatory or retaliatory conduct or otherwise disclose information he reasonably believed constituted violations of state or federal law or concerned actual health or safety violations or concerns.

## TWENTIETH DEFENSE

### (Contribution By Plaintiff's Own Acts—All Causes of Action)

20.    If the injuries and/or alleged damages in the FAC occurred at all (which Defendant denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures to act.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

## TWENTY-FIRST DEFENSE

### (Good Faith—All Causes of Action)

21.    Assuming, *arguendo*, that any of the actions alleged in the FAC were taken by Defendant, such actions were taken in good faith and were a lawful exercise of sound discretion of Defendant's legal rights, and were based on a rational, reasonable consideration of the facts.

## TWENTY-SECOND DEFENSE

### (Failure to Comply With Employer's Directions—All Causes of Action)

22.    Plaintiff's FAC, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to substantially comply with all of the directions of his employer concerning the service on which he was engaged, and Plaintiff's obedience to the directions of the employer was neither impossible nor unlawful, and would not have imposed new and unrealistic burdens upon him, pursuant to California Labor Code § 2856.

## TWENTY-THIRD DEFENSE

### (Workers' Compensation Preemption—All Causes of Action)

23.    Plaintiff's claims for certain damages are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, California Labor Code § 3200 *et seq.*, inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of his alleged employment with Defendant, and injuries alleged by Plaintiff to have been proximately caused by his employment with Defendant.

## TWENTY-FOURTH DEFENSE

### (Setoff and Recoupment—All Causes of Action)

24.    To the extent a court holds that Plaintiff is entitled to damages or penalties, which Defendant specifically denies, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

43

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

## TWENTY-FIFTH DEFENSE

### (No Attorneys' Fees or Costs—All Causes of Action)

25. Plaintiff knew or should have known that his claims are without any reasonable basis in law or equity and cannot be supported by good faith arguments for extension, modification, or reversal of existing law. There also is no contractual and/or statutory basis for attorneys' fees for Plaintiff's prayer for attorneys' fees. As a result of Plaintiff's filing of this lawsuit, Defendant has been required to obtain the services of the undersigned attorneys, and has incurred and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case, and Defendant is, therefore, entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with applicable California law.

## TWENTY-SIXTH DEFENSE

### (Avoidable Consequences—All Causes of Action)

26. Plaintiff's FAC, and each purported cause of action alleged herein, is barred by the avoidable consequences doctrine.

## TWENTY-SEVENTH DEFENSE

### (Failure to Mitigate Damages—All Causes of Action)

27. Defendant alleges, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the FAC and failed to act reasonably to mitigate such damages. By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendant.

## TWENTY-EIGHTH DEFENSE

### (Duplicate Damages or Double Recovery—All Causes of Action)

28. To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which Plaintiff seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award Plaintiff receives here for the same injury.

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

## TWENTY-NINTH DEFENSE

### (Failure to State Claim for Punitive Damages—All Causes of Action)

29.    Plaintiff's causes of action fail to allege the requisite malicious, fraudulent or oppressive conduct to recover punitive damages. Accordingly, Plaintiff's FAC fails to state a claim upon which punitive damages may be granted.

## THIRTIETH DEFENSE

### (Constitutional Ban on Excessive Damages—All Causes of Action)

30.    To the extent Plaintiff seeks punitive or exemplary damages in his FAC, he violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## THIRTY-FIRST DEFENSE

### (Privilege/Justification—All Causes of Action)

31.    Assuming, *arguendo*, that any of the actions alleged in the FAC were taken by Defendant, such actions were at all times privileged or justified.

## THIRTY-SECOND DEFENSE

### (No Casual Connection—All Causes of Action)

32.    Plaintiff's claims, in whole or in part, are barred, including Plaintiff's claims for violation of public policy, because Plaintiff has not alleged and cannot establish any casual connection between any legally protected activity and any subsequent adverse employment action.

## THIRTY-THIRD DEFENSE

### (*Kolstad*—All Causes of Action)

33.    Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent that those decisions were contrary to policies Defendant has instituted against wrongful conduct.

45

325621627v.5

## THIRTY-FOURTH DEFENSE

### (Truth—Defamation Cause of Action)

34. Any recovery on Plaintiff's FAC, or any purported cause of action alleged therein, is barred on the grounds that any alleged statements regarding Plaintiff by Defendant, if made, were true or substantially true.

## THIRTY-FIFTH DEFENSE

### (Opinion—Defamation Cause of Action)

35. To the extent that Plaintiff's claims are based on alleged statements, such claims are barred because the alleged statements, if made, were opinion.

## THIRTY-SIXTH DEFENSE

### (Statutory Privilege—Defamation Cause of Action)

36. Any recovery on Plaintiff's FAC, or any purported cause of action alleged therein, is barred on the ground that any alleged statements regarding Plaintiff by Defendant, if made, are privileged under California Civil Code section 47.

## THIRTY-SEVENTH DEFENSE

### (Privileged Publication—Defamation Cause of Action)

37. Plaintiff's claims fail to the extent that Defendant's purported statements about Plaintiff are protected by any applicable privilege, including without limitation, the common-interest privilege. *See*, *e.g.*, *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 440 (2007).

## THIRTY-EIGHTH DEFENSE

### (No Intent—Defamation Cause of Action)

38. Plaintiff's cause of action for Defamation fails to the extent that Defendant lacked the requisite intent, a necessary element for a defamation claim. As such, Plaintiff's claim for defamation fails, as a matter of law. *See*, *e.g.*, *Raghavan v. Boeing Co.*, 133 Cal. App. 4th 1120, 1132-1133 (2005).

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5

## THIRTY-NINTH DEFENSE

### (Good Faith Dispute—All Causes of Action)

39.     Plaintiff is not entitled to any relief under California Labor Code section 203, because, at all relevant and material times, Defendant did not willfully fail to comply with any provisions of the California Labor Code or the applicable Wage Order, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable Wage Order.

## ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses should it become aware of additional defenses during the course of this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by his FAC;

2.     That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.     That the FAC be dismissed in its entirety with prejudice;

4.     That Defendant be awarded reasonable attorneys' fees according to proof to the extent permitted by law;

5.     That Defendant be awarded its costs of suit herein incurred as provided by statute; and

6.     That Defendant be awarded such other further relief as this Court may deem just and proper.

//
//
//
//
/
//

47

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

DATED: June 9, 2026                    SEYFARTH SHAW LLP


By:*/s/ Miguel A. Ramirez*
Jonathan L. Brophy
Miguel A. Ramirez
David Mgeryan
Attorneys for Defendant
US FOODS, INC. (dba US
FOODSERVICE, INC.)

48

DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S FAC

325621627v.5