UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMAN SCHLAGER,

Plaintiff,

v.

US FOODS, INC., et al.,

Defendants.

No. 2:26-cv-01441-DC-JDP

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

(Doc. No. 16)

This matter is before the court on Plaintiff's motion to remand this action to the Sacramento County Superior Court. (Doc. No. 16.) Pursuant to Local Rule 230(g), the pending motion to remand was taken under submission to be decided on the papers. (Doc. No. 21.) For the reasons explained below, the court will grant Plaintiff's motion to remand.

**BACKGROUND**

On March 3, 2026, Plaintiff Roman Schlager filed this action in Sacramento County Superior Court against his former employer, US Foods, Inc., ("US Foods") and former supervisor, Jeff Wilson. (Doc. No. 2 at 6.) Plaintiff later filed the operative first amended complaint with this court on April 28, 2026. (Doc. No. 8.)

Plaintiff asserts the following claims against Defendant US Foods: (1) retaliation in violation of California Labor Code § 1102.5; (2) retaliation in violation of California Labor Code § 6310; (3) retaliation in violation of California Labor Code § 6311; (4) wrongful termination in

violation of public policy; and (5) waiting time penalties pursuant to California Labor Code §§ 201 and 203. (*Id.*) Plaintiff also asserts a claim for defamation against both Defendants US Foods and Wilson. (*Id.*)

Plaintiff worked for Defendant US Foods as a commercial driver from January 6, 1995, until his termination on February 12, 2026. (*Id.* at ¶ 14.) Plaintiff alleges Defendant US Foods wrongfully terminated him on February 12, 2026, in retaliation for his reporting on January 16, 2026, of safety violations to Human Resources. (*Id.* at ¶¶ 16, 23.) According to his allegations, Plaintiff was scheduled to work the night shift on February 4, 2026, during which his immediate supervisor, David Reyes, tasked him with an assignment. (*Id.* at ¶ 19.) While Plaintiff was completing this task and operating a commercial vehicle during this shift, Defendant Wilson allegedly sent Plaintiff text messages tasking him with a different and conflicting assignment. (*Id.*) Plaintiff alleges he could not safely review Defendant Wilson's messages while he was operating a commercial vehicle, and that doing so would violate strict company policy prohibiting employees from using their phones while performing work duties. (*Id.* at ¶ 20.) Later that evening, Defendant Wilson allegedly filed an insubordination report against Plaintiff based on Plaintiff's alleged failure to immediately respond to Wilson's messages. (*Id.* at ¶ 21.) Defendant US Foods allegedly terminated Plaintiff on February 12, 2026, due to insubordination, which Plaintiff alleges was pretext for retaliation against him for reporting workplace safety violations. (*Id.* at ¶¶ 22, 23.) Plaintiff further alleges Defendant US Foods did not provide him with his final paycheck at the time of termination. (*Id.* at ¶ 22.)

Plaintiff also alleges Defendant Wilson is personally liable for defamation (*Id.* at ¶ 66.) Plaintiff alleges Defendant Wilson made false and defamatory written statements when he accused Plaintiff of insubordination requiring immediate termination in the insubordination report and other termination documents. (*Id.*) These statements were allegedly publicized to individuals within Defendant US Foods and the broader community. (*Id.* at ¶¶ 66–68.) These statements also contradicted records reflecting Plaintiff's compliance with assigned duties and company policies, and Defendants knew the statements were false. (*Id.* at ¶¶ 69, 70, 73, 79.) Plaintiff alleges these statements harm his professional reputation as a commercial driver. (*Id.* at ¶¶ 70, 71, 82.)

Defendant US Foods filed a notice of removal on April 8, 2026, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1.)

On May 21, 2026, Plaintiff filed the pending motion to remand on the ground that there is not complete diversity of citizenship as is required under 28 U.S.C. § 1332 because Plaintiff and Defendant Wilson are both citizens of California. (Doc. No. 16.) Defendant US Foods filed its opposition thereto on June 4, 2026. (Doc. No. 18.) Plaintiff filed his reply on June 10, 2026. (Doc. No. 20.)

## LEGAL STANDARD

### A. Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).

Removal to federal court is proper when a case filed in state court poses a federal question or where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hamsen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain'

need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 4, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

**B. Fraudulent Joinder**

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare,* 889 F.3d at 548 (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). There are two ways to show fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal citations omitted). If there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants," the court must find that a defendant was properly joined and remand the case to state court. *Grancare*, 889 F.3d at 549 (citing *Hunter*, 582 F.3d at 1046).

The party opposing remand bears a "heavy burden" of proving fraudulent joinder, and there is a presumption against fraudulent joinder. *Hunter*, 582 F.3d at 1044. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The court must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Cosby v. Autozone, Inc.*, No. 2:08-cv-505-DAD-LKK, 2008 WL 2875355, at *2 (E.D. Cal. July 23, 2008). "[T]he test for fraudulent joinder and for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* Further, "[r]emand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency." *Reyes v. FCA U.S. LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *2 (E.D. Cal. Dec. 8, 2020) (citing *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

"[C]ourts ordinarily do not consider a non-diverse defendant's defenses on the merits in determining whether that defendant's joinder was 'fraudulent.'" *Moore v. Wells Fargo Bank, N.A.*, No. 2:12-cv-2125-LKK-EFB, 2012 WL 4433323, at *2 (E.D. Cal. Sept. 24, 2012), *report and recommendation adopted*, No. 2:12-cv-2125-LKK-EFB, 2012 WL 5328611 (E.D. Cal. Oct. 26, 2012) (citing *Hunter,* 582 F.3d at 1044).

**ANALYSIS**

In the pending motion, Plaintiff argues remand is proper because Plaintiff and Defendant Wilson are both California citizens and Defendant US Foods fails to show Defendant Wilson is a "sham" defendant.[1] (Doc. No. 16 at 8.) In removing this action and opposing remand, Defendant US Foods argues Defendant Wilson cannot be found liable for defamation as a matter of law. (Doc. Nos. 1 at ¶ 22; 18 at 1.) Defendant US Foods thus argues Defendant Wilson is a "fraudulently" joined "sham" defendant whose California citizenship should be disregarded for purposes of diversity jurisdiction. (Doc. Nos. 1 at ¶ 22; 18 at 11.)

The tort of defamation involves (a) a published communication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage. *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). However, a communication is privileged and not defamatory if it is made without malice among persons who share a common interest. *See* Cal. Civ. Code § 47(c); *Brown v. Kelly Broad. Co.*, 48 Cal. 3d 711, 723–24 (1989). "The existence of privilege is a defense to an action for defamation. Therefore, the burden is on the defendant to plead and prove the challenged publication was made under circumstances that conferred the privilege." *Palmer v. Zaklama*, 109 Cal. App. 4th 1367, 1380 (2003). Once a defendant pleads and proves that an allegedly defamatory statement was made upon a privileged occasion, the plaintiff bears the burden of proving that the statement was made with malice. *See Lundquist v. Reusser*, 7 Cal. 4th 1193, 1208–09 (1994).

Here, Plaintiff's operative complaint alleges facts sufficient to possibly state a defamation

---

[1] Plaintiff does not argue in his motion or reply that the amount in controversy is not met. (Doc. Nos. 16, 20.) Further, because the court finds Defendant Wilson was not fraudulently joined and remand is proper on that basis alone, the court need not determine whether the amount in controversy requirement is met here.

claim against Defendant Wilson. Plaintiff alleges the insubordination report and termination-related documents are written "publications" that Defendant Wilson disseminated within the company and among the community. (Doc. No. 8 at ¶ 66.) Further, Plaintiff alleges that company policy and records from the Sacramento facility contradict Defendant Wilson's accusation of intentional insubordination, and thus Plaintiff alleges facts tending to show that Defendant Wilson's publications were false. (*Id.*) And Plaintiff's allegations that Defendant Wilson's accusation of insubordination led to Plaintiff's termination and caused him professional harm as a commercial driver could support a finding that Defendant Wilson's allegedly defamatory publications had a natural tendency to harm Plaintiff. (*Id.* at ¶¶ 67, 70.) Plaintiff has thus stated a colorable defamation claim against Defendant Wilson.

In its opposition to the pending motion, Defendant US Foods advances two principal arguments for why Defendant Wilson cannot be liable for defamation as a matter of law: (1) his statements are protected by common-interest privilege, and (2) his statements are non-actionable opinions. (Doc. No. 18 at 9.) The court is not persuaded by these arguments.

The common interest privilege can apply to statements made to employees about another employee's performance. *See, e.g., McGrory v. Applied Signal Tech., Inc.*, 212 Cal. App. 4th 1510, 1538 (2013) (finding common interest privilege applicable to "statements by management and coworkers to other coworkers explaining why an employer disciplined an employee"). But privilege is an affirmative defense to defamation that defendants must plead. *See Palmer*, 109 Cal. App. 4th at 1380. Because the court generally does not consider affirmative defenses on the merits when determining whether a defendant's joinder was "fraudulent," *see Moore*, 2012 WL 4433323, at *2, the common interest privilege is not material to the court's analysis here.

Defendant US Foods further avers that Plaintiff fails to allege facts showing malice. (Doc. No. 18 at 13.) Malice is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and thereafter acted in reckless disregard of the plaintiff's rights. *Taus*, 40 Cal. 4th at 721–22. Here, Plaintiff has alleged facts to support a finding of malice, specifically, that Defendant Wilson's insubordination report was made in retaliation for reporting

safety violations (Doc. No. 8 at ¶ 77), which can suggest the report was motivated by ill will toward Plaintiff. Further, Plaintiff's allegations that Defendant Wilson knew or should have known Plaintiff could not respond to his messages due to the company policy against using phones and that Defendant Wilson failed to investigate his assertion of insubordination (Doc. No. 8 at ¶¶ 76, 77, 79) support a further inference that Wilson lacked reasonable grounds for believing the report to be true and acted in disregard for Plaintiff's rights. And even if Defendant US Foods were correct that the operative complaint fails to allege facts showing malice (Doc. No. 18 at 13), Plaintiff need not allege malice in the complaint to state a defamation claim here because Plaintiff's burden of pleading and proving malice does not arise until a defendant pleads and proves circumstances giving rise to the common interest privilege. *See Lundquist*, 7 Cal. 4th at 1208–09.

The court is also not persuaded by Defendant US Foods's argument that Wilson's statements are non-actionable opinions. (Doc. No. 18 at 9.) In its opposition, Defendant US Foods relies heavily on the decision in *Jensen v. Hewlett-Packard Co*., 14 Cal. App. 4th 958 (1993), but that reliance is misplaced. In *Jensen*, an employee sued his employer for defamation based on an unfavorable job evaluation, and the court held that "unless an employer's performance evaluation falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior, it cannot support a cause of action" for defamation. *Jensen*, 14 Cal. App. 4th at 963–965 (citation omitted). Looking at the totality of the circumstances, the court found the allegedly defamatory statements to be non-actionable opinions. *Id.* at 970. The court reasoned that the employee evaluation was a routine "business-as-usual" management tool for examining, appraising, and judging employee performance. *Id.* The court further noted the document's contents were communicated to management personnel who periodically participated in these reviews. *Id.* The court also reasoned that the content of the evaluation did not suggest the plaintiff lacked honesty, integrity, or inherent competence, qualification, or fitness to do his job. *Id.* at 970–71. Rather, the evaluation contained ratings about the plaintiff's comparative performance, areas for improvement, and general remarks about the plaintiff's attitude, all of which involved non-actionable value judgments. *Id.* at 971.

Here, by contrast, Defendant Wilson allegedly accused Plaintiff of "intentional insubordination" for "not abandoning" his current assignment and for "not responding" to Defendant Wilson's messages. (Doc. No. 8 at ¶ 21.) Unlike in *Jensen*, this alleged accusation is not merely a value judgment about Plaintiff's performance, skill, or attitude. Rather, it is a statement of fact capable of being proven true or false, namely, whether Plaintiff *intentionally* refused to obey instructions. Such an accusation could reasonably be interpreted to implicate Plaintiff's integrity or inherent fitness for the job. Moreover, Wilson's insubordination report was not a "business-as-usual" evaluation used to appraise employee performance, as was the case in *Jensen*. *See Seanez v. Union Pac. R.R. Co.*, No. 1:21-cv-00553-AWI-HBK, 2021 WL 2379731, at *4 n. 6 (E.D. Cal. June 10, 2021) (finding *Jensen* has no applicability to contexts beyond employee performance evaluations); *McNamee v. Roman Cath. Diocese of Sacramento*, No. 2:12-cv-03101-MCE-AC, 2015 WL 1469210, at *9 (E.D. Cal. Mar. 30, 2015) (limiting *Jensen* to statements made in the context of performance evaluations). Finally, unlike in *Jensen*, Plaintiff alleges Defendants publicized the defamatory statements to "others" in the community and within Defendant US Foods who did not have a "legitimate need to know." (*Id.* at ¶ 68); *see also Castillo v. Well Cmty. Church*, No. 1:21-cv-01460-ADA-BAM, 2022 WL 17631612, at *9 (E.D. Cal. Dec. 13, 2022) (distinguishing *Jensen* where defamatory statements implicated plaintiff's competency and were made to "others" not under defendant's employ). Thus, *Jensen* is inapposite here.

In sum, Defendants have not shown by clear and convincing evidence that there is no possibility a state court would find that the complaint states a cause of action for defamation against Defendant Wilson. Therefore, Defendant Wilson is not a "sham" defendant. Because Defendant Wilson and Plaintiff are both California citizens, there is not complete diversity of citizenship as is required under 28 U.S.C. § 1332.

Thus, the court will grant Plaintiff's motion to remand.

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motion for remand (Doc. No. 16) is GRANTED;

2. This matter is remanded to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c); and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 22, 2026**

Dena Coggins
United States District Judge